1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13

| | |
|---|---|
| RAOUL BENNETT, on behalf of herself and all similarly situated persons,<br><br>                                Plaintiff,<br><br>    vs.<br><br>LEAD INFO STREAM INC., dba PROMEDIA LEADS, and LEADPOINT, INC.,<br><br>                                Defendants. | CASE NO. 3:14-CV-1316-H (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**[DOC. NO. 5]** |

14
15
16
17
18
19
20
21

On June 16, 2014, Defendants Lead Info Stream, Inc. and Leadpoint, Inc. ("Defendants") filed a motion to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 5.)  On July 14, 2014, Plaintiff Raoul Bennett ("Plaintiff") filed a response in opposition to Defendants' motion.  (Doc. No. 8.)  On July 21, 2014, Defendants filed a reply in support of their motion. (Doc. No. 9.)  The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that this matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and

vacates the hearing.  For the following reasons, the Court grants in part and denies in part Defendants' motion.

## I.    Background

This lawsuit is a class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  (Doc. No. 1 at 1.)  According to Plaintiff's complaint, Defendant Lead Info Stream, a company specializing in sharing information about consumers' needs with product and service providers, called Plaintiff on her cellular telephone on several occasions in August and September of 2013 using an automatic dialing system and playing a message with an automated or prerecorded voice.  (Id. at 2, 5.)  These calls occurred after Plaintiff had registered her cellular telephone number on the National Do-Not-Call Registry and after registering her number on Defendants' internal do-not-call registry.  (Id. at 5.)  Defendant Lead Info Stream sold information acquired from calls using an automatic dialing system, including calls made to Plaintiff, to Defendant Leadpoint.  (Id. at 4.)  Defendant Leadpoint benefitted from this information and knew or should have known that Lead Info Stream obtained the information illegally.  (Id.)

Plaintiff filed this lawsuit on May 28, 2014.  (Doc. No. 1.)  She alleges that the calls that she received from Defendant Lead Info Stream violated the TCPA.  She asserts that the calls used an automatic dialing system and an automated or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).  (Id. at 13.)  In addition, she asserts that Defendants placed telemarketing calls without complying with the requirements of 47 C.F.R. § 64.1200.  (Id. at 14-15.)  Plaintiff asserts these claims on behalf of two classes:

Class 1:
All persons in the United States or its territories who, within the last four years, received a telephone call on their cellular telephone which was made by or caused to be made by Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice.

Class 2:
All individuals in the United States and its territories who received more than one telemarketing call within a 12 month period made by

1          Defendant Lead Info Stream or its dba Promedia Leads to a phone line
2          registered on Defendant Lead Info Stream or its dba Promedia Leads'
         Do-Not-Call Registry or on the National Do-Not-Call Registry.

3   (Id. at 10-11.)  Plaintiff seeks damages and injunctive relief as well as attorneys' fees.

4   (Id. at 15-17.)

5       In their motion to dismiss, Defendants ask the Court to dismiss Plaintiff's case

6 for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7 (Doc. No. 5-1 at 5.)   Defendants argue, first, that Plaintiff's complaint provides

8 insufficient factual support for the allegation that Defendants made calls using an

9 automatic telephone dialing system or artificial or prerecorded voice.  (Id. at 8-10.)

10 Defendants also contend that the complaint provides insufficient factual support for the

11 allegation that Defendants placed telemarketing calls without complying with the

12 requirements of 47 C.F.R. § 64.1200. (Id. at 10-12.) Defendants next ask the Court to

13 dismiss Defendant Leadpoint because the complaint does not adequately plead

14 Leadpoint's vicarious liability for the alleged conduct of Lead Info Stream. (Id. at 12-

15 13.)   In addition, Defendants ask the Court to dismiss the complaint because the

16 Plaintiff's proposed classes are improper liability-based classes.  (Id. at 13-14.)

17 Defendants argue further that the Court should dismiss Plaintiff's complaint because

18 the statutory damages authorized under the TCPA violate the Due Process Clause of

19 the United States Constitution.  (Id. at 15-18.)  Finally, Defendants ask the Court to

20 strike Plaintiff's prayer for attorney's fees because the TCPA does not provide for

21 attorney's fees. (Id. at 18-19.)

22 **II.   Legal Standards**

23       *A.   Legal Standard on a 12(b)(6) Motion to Dismiss*

24       A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6)

25 tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block,

26 250 F.3d 729, 732 (9th Cir. 2001).  A complaint generally must satisfy only the

27 minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to

28 evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th

Cir. 2003).  Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(2).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In ruling on a motion to dismiss for failure to state a claim, the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).  But a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

   *B.* *Telephone Consumer Protection Act*

  The TCPA states:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.

47 U.S.C. § 227(b)(1)(A)(iii).

//

- 4 -

Under 47 U.S.C. § 227(c)(1), the Federal Communications Commission ("FCC") is authorized to issue regulations "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." If an individual receives more than one call within a twelve month period from a party in violation of the FCC's regulations, the TCPA creates a private right of action for damages. Id. § 227(c)(5).

A party can be vicariously liable for a violation of the TCPA in accordance with general principles of agency. See, e.g., Thomas v. Taco Bell Corp., 879 F. Supp. 2d 1079, 1083-84 (C.D. Cal. 2012), aff'd, __ Fed. Appx. __, 2014 WL 2959160 (9th Cir. 2014); In re DISH Network, LLC, 28 F.C.C. Rcd. 6574, 6590 n.124 (2013). "Express actual authority derives from an act specifically mentioned to be done in a written or oral communication." NLRB v. Dist. Council of Iron Workers, 124 F.3d 1094, 1098 (9th Cir. 1997). "Implied actual authority comes from a general statement of what the agent is supposed to do; an agent is said to have the implied authority to do acts consistent with that direction." Id. "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." Id.

## III.   Discussion

In their motion to dismiss, Defendants ask the Court to dismiss Plaintiff's case for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5-1 at 5.) Defendants argue, first, that Plaintiff's complaint provides insufficient factual support for the allegation that Defendants made calls using an automatic telephone dialing system or artificial or prerecorded voice. (Id. at 8-10.) Defendants also contend that the complaint provides insufficient factual support for the allegation that Defendants placed telemarketing calls without complying with the requirements of 47 C.F.R. § 64.1200. (Id. at 10-12.) Defendants next ask the Court to dismiss Defendant Leadpoint because the complaint does not adequately plead Leadpoint's vicarious liability for the alleged conduct of Lead Info Stream. (Id. at 12-

13.)  In addition, Defendants ask the Court to dismiss the complaint because the Plaintiff's proposed classes are improper liability-based classes.  (Id. at 13-14.) Defendants argue further that the Court should dismiss Plaintiff's complaint because the statutory damages authorized under the TCPA violate the Due Process Clause of the United States Constitution.  (Id. at 15-18.)  Finally, Defendants ask the Court to strike Plaintiff's prayer for attorney's fees because the TCPA does not provide for attorney's fees.  (Id. at 18-19.)

### A.    Factual Support for Violations of TCPA

In their motion to dismiss, Defendants argue that Plaintiff's complaint contains inadequate factual support for its allegations that Defendants made calls using an automatic telephone dialing system or artificial or prerecorded voice and for its allegation that Defendants placed telemarketing calls without complying with the requirements of 47 C.F.R. § 64.1200. (Doc. No. 5-1 at 8-10, 10-12.) In her opposition, Plaintiff cites to the factual support she provides for her allegations. (Doc. No. 8 at 9-17.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)).  In support of the allegation that Defendants made calls using an automatic telephone dialing system or artificial or prerecorded voice, Plaintiff's complaint details the times, dates, and contents of the calls she received.  (Doc. No. 1 at 5, 8-9.)  It describes the characteristics of the call, including the robotic sound of the voice delivering the message and her inability to interrupt the message.  (Id. at 9.)  In support of the allegation that Defendants placed telemarketing calls without complying with the requirements of 47 C.F.R. § 64.1200, the complaint states that Plaintiff received these

telemarketing calls even though she had placed her number on national do-not-call list and Defendants' own do-not-call list. (Id.) These factual details are sufficient to state a claim.  As a result, the Court declines to dismiss the case on the grounds that Plaintiff's factual allegations are insufficient.

> ### B.    Vicarious Liability for Defendant Leadpoint

Defendants ask the Court to dismiss Plaintiff's claims against Defendant Leadpoint because the complaint does not adequately plead Leadpoint's vicarious liability for the alleged conduct of Lead Info Stream. (Doc. No. 5-1 at 12-13.)  In her opposition, Plaintiff argues that courts apply vicarious liability principles to the TCPA, and that the allegations in her complaint are sufficient to establish Leadpoint's vicarious liability under those standards.  (Doc. No. 8 at 17-20.)

A party can be vicariously liable for a violation of the TCPA in accordance with general principles of agency.  See, e.g., Thomas v. Taco Bell Corp., 879 F. Supp. 2d 1079, 1083-84 (C.D. Cal. 2012), aff'd, __ Fed. Appx. __, 2014 WL 2959160 (9th Cir. 2014); In re DISH Network, LLC, 28 F.C.C. Rcd. 6574, 6590 n.124 (2013). "Express actual authority derives from an act specifically mentioned to be done in a written or oral communication." NLRB v. Dist. Council of Iron Workers, 124 F.3d 1094, 1098 (9th Cir. 1997). "Implied actual authority comes from a general statement of what the agent is supposed to do; an agent is said to have the implied authority to do acts consistent with that direction." Id. "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." Id. at 1099.

In her complaint, Plaintiff does not assert that Defendant Leadpoint made any calls. (See Doc. No. 1.)  Instead, she states that Defendant Leadpoint purchased from Lead Info Stream the information that Lead Info Stream obtained from its illegal phone calls. (Id. at 4-5.)  She alleges that Leadpoint knew or should have known that Lead Info Stream and Promedia were violating the TCPA when it purchased this

1   information.  (Id.)  These allegations are insufficient to establish vicarious liability.

2   The complaint does not state that Lead Info Stream was Leadpoint's agent.  Nor does

3   it state that Lead Info Stream directed Leadpoint, either expressly or impliedly, to place

4   phone calls on its behalf.  Furthermore, the complaint does not state that Plaintiff

5   believed that Leadpoint had authorized Lead Info Stream to place phone calls on its

6   behalf based on Leadpoint's manifestations to her.  See Iron Workers, 124 F.3d at

7   1098-99.  Plaintiff's complaint therefore does not sufficiently allege Leadpoint's

8   vicarious liability and does not state a claim against Leadpoint.  Accordingly, the Court

9   dismisses Plaintiff's complaint as to Defendant Leadpoint, with leave to amend.

10          C.    Class Definitions

11          Defendants argue that the Court should dismiss Plaintiff's complaint because the

12   Plaintiff's proposed classes are improper liability-based classes.  (Doc. No. 5-1 at 13-

13   14.)  In her opposition, Plaintiff argues that Defendants mischaracterize her class

14   definitions in stating that they exclude an affirmative defense of consent, when in fact

15   the definitions do not mention consent.  (Doc. No. 8 at 20-21.)  In their reply,

16   Defendants argue that if the class definitions do not exclude their affirmative defense

17   of consent, they are impermissible because they include individuals who consented to

18   be called and thus would not have valid claims against Defendants.  (Doc. No. 9 at 7.)

19   Defendants do not cite a Ninth Circuit case prohibiting liability-based classes, nor do

20   they adequately explain their theory that Plaintiff's class definition creates either a

21   liability-based class or an overbroad class.  The Court denies Defendants' motion as to

22   the propriety of Plaintiff's class definitions without prejudice to revisiting this issue at

23   a later stage of the lawsuit.

24          D.    Due Process

25          Defendants argue that the Court should dismiss Plaintiff's complaint because the

26   statutory damages authorized under the TCPA violate the Due Process Clause of the

27   United States Constitution, citing State Farm v. Campbell, 538 U.S. 408 (2003) and

28   BMW of North America v. Gore, 517 U.S. 559 (1996).  (Doc. No. 5-1 at 15-18.)  In her

opposition, Plaintiff argues that the statutory damages provided for under the TCPA are not punitive in nature and therefore do not implicate the Due Process Clause. (Doc. No. 8 at 21-22.)

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). In the cases that Defendants cite to support their Due Process argument, a court had already awarded damages against the parties seeking relief. See State Farm, 538 U.S. at 415; BMW, 517 U.S. at 566-67. In this case, Plaintiff asks for damages but has not been awarded damages. Defendants' argument rests upon contingent future events — namely, an award of damages — and it is therefore not ripe for adjudication. See Texas, 523 U.S. at 300. As a result, the Court denies Defendants' motion with respect to their theory under the Due Process Clause.

*E.     Attorney's Fees*

Defendants ask the Court to strike Plaintiff's prayer for attorney's fees because the TCPA does not provide for attorney's fees. (Doc. No. 5-1 at 18-19.) In her opposition, Plaintiff concedes that the TCPA does not authorize attorney's fees but argues that she should nevertheless be permitted to request attorney's fees. (Doc. No. 8 at 22-23.) Because the TCPA does not provide for attorney's fees, the Court strikes Plaintiff's request.

//

//

//

//

//

//

//

//

**IV.    Conclusion**

Plaintiff states a claim under the TCPA against Defendant Lead Info Stream, but not against Defendant Leadpoint.  Accordingly, the Court grants in part and denies in part Defendants' motion to dismiss.  The Court dismisses Plaintiff's complaint without prejudice as to Defendant Leadpoint.  The Court strikes Plaintiff's prayer for attorney's fees.  In all other respects, the Court denies Defendants' motion.  The Court grants Plaintiff thirty days from the date of this Order to file an amended complaint and cure the noted deficiencies, if she is so able.

**IT IS SO ORDERED.**

DATED: July 24, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT